**Michael Vergamini, OSB #04520**
399 East 10th Ave., Suite 109
Eugene, OR 97401
Telephone (541) 302-1800
Fax (541) 302-1801
info@vergaminilaw.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHANNON TARTAR, and as guardian for C.J.T., T.B.T. and G.M.Y., minors, | ) ) ) **COMPLAINT** |
| Plaintiff, | ) ) ) (42 U.S.C. § 1983: 4th Amendment |
| v. | ) Unreasonable Seizure; Interference with ) Familial Association, Procedural Due Process, |
| SARAH FANCEY, in her individual capacity and as an official of the State of Oregon; STEVE HAMMOND, in his individual capacity and as an official of the State of Oregon; CYNTHIA FELLEZ, in her individual capacity and as an official of the State of Oregon; BILL PALMER, in his individual capacity and as an official of the State of Oregon; JOHN RADICH, in his individual capacity and as an official of the State of Oregon; OREGON DEPARTMENT OF HUMAN SERVICES (declaratory relief) | ) Substantive Due Process, Failure to ) Investigate, Failure to Train and Supervise, ) Declaratory and Injunctive Relief) ) ) **JURY TRIAL REQUESTED** ) ) ) ) ) ) ) ) ) ) |
| Defendants. | |

## JURISDICTIONAL ALLEGATIONS

1.

This claim arises under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment of the United States Constitution. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1988, 28 U.S.C. § 2201.

2.

Costs and attorney fees may be awarded pursuant to the Civil Rights Act as amended, 42 U.S.C. § 1988.

### ALLEGATIONS OF STATUS

3.

At all times material herein, Plaintiff Channon Tartar was a citizen of the United States residing in the City of Eugene located in Lane County, Oregon. At all material times herein Plaintiff Tartar is the custodial parent of the minor children T.B.T., G.M.Y., and C.J.T.

4.

At all times material herein Defendant State of Oregon is charged with and responsible for appointing, promoting and supervising, through the Oregon Department of Human Services, the employees of the Children's Services Division of the Department of Human Services and its personnel. At all relevant times herein, the State of Oregon had the power, right and duty to train, control and supervise the manner in which employees carried out the objectives of their employment, and to see that all orders, rules, training, instructions and regulations promulgated by the Children's Services Division, and the actions of its employees, consistent with State and Federal Constitutions and Federal and State Statutes and laws.

5.

At all times material herein, Defendants Sarah Fancey, Steve Hammond, Cynthia Fellez, Bill Palmer and John Radich were employees of the Oregon Department of Human Services. Defendants Hammond, Palmer and Fancey are caseworkers directly involved in the case and were supervised by Defendant Fellez and the District Manager for Lane County, Defendant Radich. The acts of Defendants Fancey, Hammond, Fellez, Palmer and Radich, which are the

subject of this lawsuit, were undertaken unlawfully under color of state law in the regular course of their employment for Defendant State of Oregon. They are sued in their individual capacity under federal claims. Upon information and belief, Defendants are residents of Lane County, Oregon.

6.

At all times material herein, Defendants Fancey, Hammond, Palmer, Fellez and Radich were acting in their official and individual capacities under color of state law.

## FACTUAL ALLEGATIONS

7.

On or about September 30th 2011, Defendants Hammond and Fancey, acting for the Oregon Department of Human Services under color of State law, informed the father of the minor child T.B.T. who was divorced and living separately from Plaintiff, that he should retain the minor child in his care and not return the child to the Plaintiff after his parenting time due to concerns about a bruise discovered on the child's leg. The child was evaluated by an emergency room physician on October 1, 2011, whereupon it was determined that bruise was not the result of abuse. It was subsequently discovered, upon interviewing both T.B.T., and G.M.Y., the brother of the T.B.T., that the bruise was the result of a minor bicycle accident when the tire skidded on a gravel road while the child was playing with other children. When T.B.T.'s father did not return the child, Plaintiff, the custodial parent, told T.B.T.'s father that she would retain an attorney to enforce the parenting time order.

///

///

8.

On or about October 5, 2011, Defendants Hammond and Fancey, acting under color of state law, presented T.B.T.'s father with a "protective order" not signed by a judge or presented to the court, which ordered that Plaintiff could not have contact with T.B.T.; directed the unlawful removal of T.B.T. from Plaintiff; and; directed placement of the child with T.B.T.'s father, pending further orders of the agency, and without any indication of exigent circumstances or imminent danger of serious injury to the minor child T.B.T. No copy was provided to the Plaintiff. The purpose of the order was to make available to T.B.T.'s father an official document that would allow him to retain the child in the event that Plaintiff called the police to request assistance in returning her child pursuant to the parenting schedule of the divorce judgment.

9.

Plaintiff did not become aware of the protective order until after October 7, 2011, when she was able to glance at a copy held by T.B.T.'s father. The existence of the document was confirmed by Plaintiff's attorney on October 9, 2011 but no copy was provided to Plaintiff until after December 7, 2011. Plaintiff became aware that Defendants intended indefinitely to remove T.B.T. on October 6, 2011 when Plaintiff's attorney spoke to Defendant Hammond on the phone. No reasons were given for the removal, other than the presence of a bruise on T.B.T.'s leg. Nevertheless, a drug test was requested and Plaintiff was informed that the other children would be left in the home. Defendants did not file a petition to establish jurisdiction over T.B.T. with the Lane County Juvenile Court until on or after December 7, 2011, more than sixty days later, and Plaintiff was never afforded a post-deprivation hearing. For the next several weeks, Defendants intentionally withheld evidence in their possession that the bruise on the leg of the minor child was not the result of abuse, and further failed to investigate assertions by Plaintiff,

Plaintiff's immediate family, and other witnesses that T.B.T. was in a minor bicycle accident at his aunt's home, that the bruise was not caused by abuse and further that the child had been in father's care for several days preceding the discovery of the bruise.

10.

On December 7, 2011, Defendants filed a petition for jurisdiction over the minor children C.J.T., T.B.T. and G.M.Y., and removed G.M.Y. from Plaintiff's home. The petition did not allege that there was imminent danger of serious injury that would justify removal but only that there was an unexplained injury to T.B.T. while in Plaintiff's care. A reasonable trained caseworker would have had no basis to believe that T.B.T. had been physically abused by Plaintiff. Plaintiff denied the allegation of abuse but a hearing was not set until January 17, 2012. During the interim, no contact was permitted between Plaintiff and her children T.B.T. and G.M.Y. that was not authorized by Defendants and Plaintiff was limited to one hour a week. During the period of time between removal and the tentative hearing date, Defendants encouraged Plaintiff to admit to the allegations set forth in the petition for jurisdiction.

11.

Prior to the January 17th hearing, the evidence supporting jurisdiction was reviewed by the State's attorney in light of the explanation of the bicycle accident, and upon independent review by the State's medical expert of the October 1st emergency room report, which did not come into possession of the State's attorney until late December 2011, and the State's attorney concluded that there was insufficient evidence to support allegations for jurisdiction and dismissed the case. The order of dismissal was submitted and signed on January 26th, whereupon the children were returned to Plaintiff.

12.

Despite the dismissal by the Circuit Court, Defendants insisted that Plaintiff participate in a "voluntary agreement" with the Department of Human Services for an indefinite period of time that would require Plaintiff to engage in counseling, sign releases to the Department of Human Services and allow the agency to have access to the home and children, including at school, and agree to modify Plaintiff's custody judgment in the circuit court. Plaintiff was told by Defendant Fancey on January 19th, and by Defendant Palmer on January 25th that if Plaintiff did not voluntarily agree to the conditions, that Defendants would not return T.B.T., or that T.B.T. and G.M.Y. would be taken immediately again into protective custody, and that Defendants would re-file the Petition with additional allegations. On or about February 7, 2012, two weeks after jurisdiction of the Department of Human Services was dismissed, Defendant Palmer sent a copy of the written voluntary agreement to Plaintiff through her attorney, warning that if Plaintiff did not agree the agency was likely to re-file the Petition, with additional allegations. Plaintiff refused and the agency took the position after March 6, 2012 that Plaintiff was "non-cooperative."

13.

On May 24, 2012, Defendants removed all three children from the Plaintiff without any allegations of exigent circumstances, a warrant or court order. Defendants did not file a petition for jurisdiction until they were informed by Plaintiff's attorney on June 1st that the removal was unlawful and that Plaintiff would be forced to seek a writ of assistance in the absence of a petition for jurisdiction. On June 5, 2012, Defendants filed a petition for jurisdiction with the Circuit Court alleging physical abuse, mental or emotional illness that would impair ability to parent, neglect, mental abuse of G.M.Y., and abuse of controlled substances, despite that there

1    was no evidence to support any of these allegations and that a reasonable trained caseworker

2    would have had no reasonable basis to believe that any of the children were subject to harm for

3    any of the grounds set forth in the allegations. Plaintiff denied the allegations and requested a

4    hearing, which was not set until July 31, 2012. Defendants admitted at the hearing on July 31st

5    that the agency had no intention of filing a petition for dependency jurisdiction or providing

6    services to Plaintiff but only filed for dependency jurisdiction after being informed that Plaintiff

7    would seek a writ of assistance to return the children. Following a two-day hearing, and having

8    taken the matter under advisement until August 22, 2012, the Circuit Court dismissed all

9    allegations as unfounded except for the abuse of a controlled substance that interfered with

10    Plaintiff's ability to parent. That finding was subsequently vacated on August 14, 2013 by the

11    Oregon Court of Appeals, which determined that that there was no evidence for which

12    dependency jurisdiction could be established.

14.

    Defendants' unlawful removal of Plaintiff's children both in October 2011 and May 2012

caused irreparable harm to both Plaintiff and her children and Plaintiff has suffered emotional

and mental distress as a direct and foreseeable result.

15.

    Defendants' actions have deprived Plaintiff of a fundamental liberty interest in her

substantive and procedural due process rights under the 14th Amendment of the Federal

Constitution. Defendants have further deprived Plaintiff of her right to be free from

unreasonable seizures under the 4th Amendment of the Federal Constitution.

16.

It is a regular practice of Defendant Oregon Department of Human Services in Lane County to remove and place children without a warrant or a petition filed with the court alleging imminent danger as grounds for removal, or in the absence of exigent circumstances of imminent danger of serious bodily injury, in violation of a parents' familial and due process rights under the Fourteenth Amendment of the Federal Constitution, which must afford a parent with an evidentiary hearing in a reasonable time.

**FIRST CLAIM FOR RELIEF**

(Section 1983: Interference with Familial Association, Substantive Due Process; Deprivation of Right to be free from Unreasonable Seizure)

17.

Plaintiff re-alleges and reincorporates paragraphs 1 through 16 above.

18.

Defendant Oregon Department of Human Service's Supervisors and Officers failed to sufficiently train or supervise Defendants Hammond, Fancey and Fellez so that caseworkers of the Oregon Department of Human Services acting under color of State law would comply with the Constitutional rights of Plaintiff. The action of Defendants' supervisors showed a callous or reckless disregard for the rights of Plaintiff.

19.

Defendants' wrongful actions described herein violated Plaintiffs' right to be free from unlawful interference with familial association guaranteed by the Fourteenth Amendment to the United States Constitution, and the right to be free from unlawful seizures under the 4th

1    Amendment of the United States Constitution.  Plaintiff is informed and believes and thereon

2    alleges that the right of familial association guaranteed under the Fourteenth Amendment and the

3    right to be free from unreasonable and unlawful seizure under the Fourth Amendment are

4    "clearly established" such that a reasonable social worker and or officer acting under color of

5    state law would know it is unlawful to remove a child from the care, custody and control of its

6    parents in the absence of exigent circumstances with first obtaining a warrant to do so.

7
                                              20.
8
9        Defendants were acting under color of state law when they acted, agreed, and/or

10   conspired to unlawfully remove Plaintiff's children without proper justification or authority, and

11   without probable cause, exigency or court order.  Further Defendants' actions were taken with

12   deliberate indifference to Plaintiff's rights.

13                                             21.

14       Defendants maliciously conspired to violate the civil rights of Plaintiff, including

15   violation of Plaintiff's right found in the Fourth and Fourteenth Amendments of the United

16   States Constitution, by, but not limited to, removing and continuing to detain Plaintiff's children

17   from the care, custody and control of their mother, Plaintiff Tartar, without proper or just cause,

18   authority or consent.

19
                                              22.
20
21       By these actions, Defendants interfered and/or attempted to interfere with Plaintiff's

22   constitutional rights to familial association under the Fourteenth Amendment, the right to be free

23   from unlawful and unreasonable seizure guaranteed by the 4th Amendment, as well as the those

24   rights under State law rising to the level of a federally constitutionally protected right.

25

23.

Plaintiff is entitled to all remedies provided by 42 U.S.C. § 1983.

24.

As a direct and proximate result of Defendants' wrongful actions, Plaintiff and Plaintiff's children suffered emotional and mental injury including but not limited to post traumatic stress, anxiety, fear for the safety of her children, and depression.

25.

As a further result of Defendants' wrongful actions, Plaintiff is entitled to recover reasonable costs and attorney fees incurred herein.

26.

The actions of the Oregon Department of Human Services and caseworkers Hammond, Fancey, Palmer and Fellez, acting in their individual capacity were either malicious or reckless in disregard of the rights of Plaintiff and punitive damages, in an amount to be determined by a jury or judge, should be awarded against Defendants to punish Defendants for wrongdoing and to prevent Defendants and others from acting in a similar manner in the future.


**SECOND CLAIM FOR RELIEF**

(Section 1983; Procedural Due Process)

27.

Plaintiff re-alleges and reincorporates paragraphs 1 through 16 above.

28.

Plaintiff has been unlawfully deprived of her rights of procedural due process or has been subject to inadequate, defective or unlawful legal process that is grossly inconsistent with

1   Plaintiff's rights of procedural due process under the 14th Amendment of the Federal

2   Constitution that, as a direct and foreseeable result, has caused Plaintiff harm.

3                                            29.

4       The action of Defendants showed a callous or reckless disregard for the rights of Plaintiff.

5                                            30.

6          Plaintiff is entitled to all remedies provided by 42 U.S.C. § 1983.

7                                            31.

8

9       As a further result of Defendants' wrongful actions, Plaintiff is entitled to recover

10  reasonable costs and attorney fees incurred herein.

11                                           32.

12      As a direct and proximate result of Defendants' wrongful actions, Plaintiff suffered

13  emotional and mental injury including but not limited to post traumatic stress, anxiety, fear for

14  the safety of her children, and depression.

15                                           33.

16      The actions of the Oregon Department of Human Services and caseworkers Hammond,

17  Fancey, Palmer and Fellez acting in their individual capacity were malicious or reckless in

18  disregard of the rights of Plaintiff and punitive damages in an amount to be determined should be

19  awarded against Defendants to punish Defendants form wrongdoing and to prevent Defendants

20  and others from acting in a similar manner in the future.

21

22                          **THIRD CLAIM FOR RELIEF**

23              (Section 1983, 14th Amendment, Failure to Investigate and Supervise)

24                                           34.

25      Plaintiff re-alleges and reincorporates paragraphs 1 through 16 above.

35.

At all relevant times herein. the State of Oregon and Defendants owed a continuing duty to investigate the circumstances of the removal of Plaintiff's children and whether the decision to remove the children was consistent with the Federal Constitution and Federal laws.

36.

At all relevant times herein, the Oregon Department of Human Services had the power, right and duty to control and supervise the manner in which employees carried out the objectives of their employment, and to see that all orders. rules. instructions and regulations promulgated by the Children's Services Division. and the actions of its employees, are consistent with the Federal Constitution and Federal laws. The Oregon Department of Human Services failure to supervise or investigate whether the removal of Plaintiff's children was consistent with federal laws and the federal constitution is an arbitrary deprivation of Plaintiff's fundamental liberties and substantive due process rights under the Fourteenth Amendment.

37.

Defendants' failure to investigate or undertake a reasonably adequate investigation of the circumstances by which Defendants unlawfully asserted authority while acting under color of state law to remove Plaintiff's children is an arbitrary deprivation of Plaintiff's fundamental liberties and substantive due process rights under the Fourteenth Amendment.

38.

At all relevant times herein, the State of Oregon had the power, right and duty to train the manner in which employees carried out the objectives of their employment in a manner consistent with State and Federal Constitutions and Federal and State Statutes and laws.

Defendant Oregon Department of Human Services' failure to investigate or train its employees in this manner was so reckless or grossly negligent that future misconduct is almost inevitable.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment-Oregon Department of Human Services)

39.

Plaintiff re-alleges and reincorporates paragraphs 1 through 16 above.

40.

Plaintiff asks this Court to find that as a matter of Federal law, the State may not take a child into protective custody without a warrant or in the absence of imminent danger of serious bodily injury and further, that the State must file a petition with a court of competent jurisdiction alleging imminent danger of serious bodily injury and the parent must be afforded notice of a child being taken into protective custody post-deprivation hearing, and afforded a post-deprivation evidentiary hearing within a reasonable time as proscribed by law.

41.

The Defendants did not have consent or lawful authority to enter into Plaintiff's home, threaten to enter Plaintiff's home, or consent to remove Plaintiff's children without a warrant, exigent circumstances or court order based on an affidavit of probable cause, and without any evidence to suggest that any of the children were in imminent danger of suffering serious bodily injury.

42.

As stated herein, Defendants have wrongfully, unlawfully, and with deliberate indifference to the rights of Plaintiff, and with utter disregard to Defendants' duties and

obligations to Plaintiff, acted, practiced and/or adopted policies, practices, procedures and/or customs which are in violation of the rights of Plaintiff, including those to be free from governmental interference as to Plaintiff's right of privacy and familial associations, and from unreasonable searches and seizures and related actions and proceedings to Plaintiff's right of familial association.

43.

DEFENDANTS' have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action, and Plaintiff is informed and believes that Defendants have not changed or modified such actions, conduct and/or policies to conform to law.

44.

DEFENDANTS' wrongful and unlawful conduct, actions and/or policies, unless and until enjoined and restrained by order of this court, have caused, and continue to cause, great and irreparable injury to Plaintiff, and other individuals and citizens, in that DEFENDANTS will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under federal law, including those under the Fourth and Fourteenth Amendments as alleged herein above.

45.

Plaintiff has not an adequate remedy at law to prevent or prohibit DEFENDANTS from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seeks an order enjoining and prohibiting DEFENDANTS from, but not limited to, the following:

    a.    The policy of detaining and/or removing children from their family and homes

without exigent circumstances (imminent danger of serious physical injury), court order and/or consent.

b.    The policy of removing children from the care of their family and from their homes without first obtaining a warrant or court order supported by affidavit of probable cause when no exigency exists;

c.    The policy of examining children without exigency, need, or proper court order, and without the presence of their proper custodian and/or guardian;

d.    The policy of removing and detaining children, and not returning them, beyond a reasonable period after the basis for detention is negated;

e.    The policy of not working to reunite the child, asserting that there is no duty to reunify when the child has been removed and placed with the non-custodial parent as an "in-home" placement.

f.    The policy of using trickery, duress, fabrication or misleading representations, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the Court, causing an interference with the Plaintiff's rights, including, but not limited to intentionally withholding evidence for a lengthy period, usually 60 days from the date of removal of the children, before a "fact-finding" hearing is scheduled with the court for the purpose of pressuring parents to "admit" to allegations set forth in the petition.

During this 60-day period from removal of the child to the fact-finding hearing, when parents are without their children and denied a post-deprivation evidentiary hearing establishing grounds for removal by the State, it is a routine practice for employees of the Oregon Department of Human Services to pressure parents to

admit to allegations set forth in the petition for jurisdiction, in part by informing parents that if they admit to the allegations and forego a constitutionally protected jurisdictional hearing, the children removed from the home will be returned more quickly. This practice is undertaken with the full knowledge that parents are more likely to waive their constitutional right to a post-deprivation or jurisdictional hearing the longer the children have been removed from the home.

g.    By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train officers, agents, employees and state actors, in providing the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when performing actions related to dependency proceedings.

h.    Aiding and abetting in the violation of civil rights guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, by engaging in the aforementioned conduct;

i.    Conspiring to violate civil rights guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, by engaging in the aforementioned conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants, as to all causes of action, as follows:

1.    Plaintiff demands a jury trial as to the issue so triable;

2.    As against all Defendants, general damages in an amount yet to ascertained;

3.    Special damages according to proof but not to exceed $80,000.00;

4.    As only against the individual Defendants, and not any public entity, Punitive Damages in the sum of $500,000.00 or in an amount otherwise allowed by law;

5.    Declaratory relief as allowed by law.

6.    For temporary, preliminary and permanent injunctive relief enjoining Defendant State of Oregon from engaging in practices set forth in paragraph 45, sections (a) through (g);

7.    Reasonable costs and attorney fees incurred herein;

8.    All remedies provided by section 1983; and

9.    For costs of suit and such other and further relief as the Court deems just.

DATED this 6th day of October 2013.

Respectfully Submitted,

Michael Vergamini, OSB 04520
599 East 10th Avenue, Ste 109
Eugene, Oregon 97401
(541) 302-1800
info@vergaminilaw.com
Attorney for Plaintiff

COMPLAINT